ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148
Telephone: (702) 254-7775 • Facsimile: (702) 228-7719

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

LAS VEGAS DEVELOPMENT GROUP, LLC, )
a Nevada limited liability company, )
                                          Plaintiff, )
                                               )   Case No.  2:13-cv-02194-APG-VCF
vs. )
                                               )
SRMOF II 2012-1 TRUST, U.S. BANK )
TRUST NATIONAL ASSOCIATION as )
Trustee, an unknown business entity;  MTC )   **PRELIMINARY INJUNCTION**
FINANCIAL INC. dba TRUSTEE CORPS, a )
California corporation; DOE individuals I )
through XX; and ROE CORPORATIONS I )
through XX, )
                                              )
                                  Defendants. )

Defendant LAS VEGAS DEVELOPMENT GROUP, LLC filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and to Rescind Foreclosure Sale [Doc. ##11, 12], requesting injunctive relief related to that real property commonly known as 5259 Aurora Beam Avenue, Las Vegas, Nevada 89122 (*the "Property"*). The Court held a hearing on March 21, 2014. Based on the papers submitted by the parties and the arguments of counsel, the Court finds as follows.

The Plaintiff filed its Complaint in the Eighth Judicial District Court of Clark County, Nevada on August 27, 2013, naming JPMorgan Chase Bank National Association (*"Chase"*) as a Defendant. Chase subsequently assigned its interest in the Deed of Trust at issue to the United States Secretary of Housing and Urban Development (*"HUD"*). HUD was thereafter substituted as a Defendant based upon its beneficial interest in the Deed of Trust. Plaintiff obtained from the state court a Temporary Restraining Order enjoining the foreclosure sale of the Property. [Doc. #1-2]. Thereafter, the United States, on behalf of HUD, filed a Notice of Removal on November 26, 2013, removing the matter to this Court. [Doc. #1].

As a result of the removal, the hearing on Plaintiff's Motion for Preliminary Injunction before the State Court did not take place. Although the Notice of Removal made mention of the Motion and pending hearing, the parties failed to advise this Court of the need to address the pending Motion.

HUD advised Plaintiff that subsequent to the filing of the Complaint, HUD had transferred its interest in the Deed of Trust to SRMOF II 2012-1 Trust, U.S. Bank National Association, not in its individual capacity but solely as Trustee (*"SRMOF"*). Plaintiff and HUD stipulated to the amendment of the Complaint to remove HUD and name SRMOF as a Defendant. [Doc. #7]. A Second Amended Complaint was filed on February 14, 2014. [Doc. #10].

During the time that the foregoing activity was taking place, on January 10, 2014, Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS caused a foreclosure sale of the Property to be carried out. SRMOF purports to have purchased the Property at the foreclosure sale. On or about January 22, 2014, a Trustee's Deed Upon Sale (*"Bank Foreclosure Deed"*) was recorded in the Official Records of the Clark County Recorder as Instrument No. 201401220000881, purportedly vesting title to the Property in the name of SRMOF. SRMOF thereafter sought to take possession of the Property.

The Plaintiff asserts that the Deed of Trust upon which the January 10, 2014 foreclosure sale was based was extinguished at the time of the HOA Foreclosure Sale; thus, the January 10, 2014 foreclosure sale was null and void. As a result, Plaintiff asserts that the sale should be rescinded and title should be revested in the name of the Plaintiff. In the alternative, Plaintiff requests the entry of an injunction granting it sole and exclusive use and possession of the Property until this matter is resolved.

Real property is unique, and the loss of real property may amount to irreparable harm. *Dixon v. Thatcher*, 103 Nev. 414, 416 (1987). Plaintiff asserts that the secured interest which purportedly formed the basis for the non-judicial foreclosure sale dated January 10, 2014, was extinguished by operation of law upon the foreclosure of a homeowners association lien containing super-priority amounts pursuant to N.R.S. Chapter 116. Plaintiff argues that it stands

to suffer irreparable harm if relief is not immediately granted; that Plaintiff has a likelihood of success on the merits of this case; that the balance of equities favors the Plaintiff; and that the Plaintiff has no adequate remedy at law.

Upon review of the pleadings and papers on file herein, and after hearing the arguments of counsel, the Court finds that the Plaintiff is likely to prevail on the merits of its case and that the failure to issue a preliminary injunction could result in irreparable harm. Accordingly, the Motion for Preliminary Injunction [Doc. #12] is hereby GRANTED.

IT IS HEREBY ORDERED that Plaintiff LAS VEGAS DEVELOPMENT GROUP, LLC is hereby granted sole and exclusive possession of the Property (namely, 5259 Aurora Beam Avenue, Las Vegas, Nevada 89122) pending further order of this Court. Plaintiff may re-key the Property and take possession of it. Plaintiff shall make repairs and maintain the property, pay all fees, assessments and taxes, and keep the property adequately insured. Plaintiff also may rent the property and retain and utilize that portion of the rents that may exceed the costs of maintaining the Property for its sole and exclusive use and benefit. The Defendant shall not interfere with the use and enjoyment of the Property by the Plaintiff and/or its tenant(s) in any manner.

IT IS FURTHER ORDERED that the bond previously posted for the Temporary Restraining Order shall serve as the bond for this Preliminary Injunction. Defendants may file a Motion requesting an increase in the bond amount if they so desire.

DATED this 28th day of March, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE