UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>MARGARETTE HEALY, et al.,<br><br>           Defendants. | Case No. 2:13-cv-02194-APG-VCF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>(Dkt. No. 19) |

The parties are aware of the factual and procedural background of this case. In short, the United States removed this case under 28 U.S.C. § 1442(a)(1). The United States subsequently disclaimed its interest in the subject residential property and is no longer a party. Another defendant—SRMOF[1]—has moved for remand.[2] SRMOF's principal argument is that the basis for subject matter jurisdiction disappeared when the United States ceased being a party. SRMOF also argues that, even if remand is not mandatory, remand is proper because this Court has not substantially committed its resources to the case.

SRMOF relies on a Ninth Circuit case from 1982 for the proposition that remand is proper when a party removes under § 1442(a)(1) and the removing party is later dismissed from the action.[3] That case is inapposite, however. There, removal was improper because the state court did not have jurisdiction over the removing defendant—the Administrator of the Environmental Protection Agency—because the Administrator enjoyed sovereign immunity. In the absence of

---

[1] SRMOF II 2012-1, U.S. Bank Trust, N.A.

[2] (Dkt. No. 19.)

[3] (*Id.* at 4 (citing *Aminoil U.S.A., Inc. v. Cal. State Water Res. Bd.*, 674 F.2d 1227, 1237 (9th Cir. 1982).)

state court jurisdiction, the federal court could not exercise removal jurisdiction[4] because removal jurisdiction is *derivative* of state court jurisdiction.[5] *Aminoil* did not address the precise question raised in this case: whether dismissal of the defendant who removed under § 1442(a)(1) divests this Court of subject matter jurisdiction, if the case has no other grounds to support subject matter jurisdiction.

Moreover, since *Aminoil* was decided, the Ninth Circuit has held that "[i]t is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings."[6] The court, in so holding, relied on a long line of Ninth Circuit cases, beginning with *Murphy v. Kodz* in 1965.[7] In *Murphy*, the court held that "[i]f removable to a federal court, subsequent developments in a case following removal do not defeat federal jurisdiction. . . . [W]hen the jurisdiction depends upon the fact that a party to the case is the United States, a disclaimer of their interest will not force a remand."[8] However, the court "recognize[d] that existence of power to adjudicate a controversy is not always coextensive with the propriety of its exercise."[9]

> Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims it is . . . akin to making the tail wag the dog for the District Court to retain jurisdiction. . . . These considerations give rise to a discretion in the district Court to dismiss the complaint and remand the case to the State court.[10]

Thus, the dismissal of the United States does not compel remand; remand is discretionary. In consideration of the resources the Court has expended in this case, the Court will not remand. Since the case was removed last November, the Court has entered orders dismissing HUD and

---

[4] *See Aminoil*, 674 F.2d at 1235–36.

[5] *Elko Cnty. Grand Jury v. Siminoe (In re Elko Cnty. Grand Jury)*, 109 F.3d 554, 555 (9th Cir. 1997).

[6] *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (internal quotation marks and citations omitted).

[7] 351 F.2d 163 (9th Cir. 1965); *see Sweet v. Schenk*, 792 F.2d 1447 (9th Cir. 1986); *Watkins v. Grover*, 508 F.2d 920 (9th Cir. 1974).

[8] *Id.* at 167.

[9] *Id.*

[10] *Id.* at 167–68 (internal quotation marks and citation omitted).

Healy from the case, conducted TRO and preliminary injunction hearings, and granted a TRO and a preliminary injunction. These efforts represent a sufficient commitment of judicial resources. Accordingly, the Court exercises its discretion to DENY the motion remand.[11]

DATED this 29th day of April, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[11] As diversity of citizenship was not the basis of removal jurisdiction, the Court need not address the arguments concerning fraudulent joinder.