Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: sempers@ballardspahr.com
*Attorneys for Proposed Intervenor JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SRMOF II 2012-1 TRUST, US BANK TRUST NATIONAL ASSOCIATION, as Trustee, an unknown business entity; MTC FINANCIAL INC. dba TRUSTEE CORPS, a California corporation, DOE individuals I through XX, ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-02194-APG-VCF<br><br>**JOINT MOTION TO ALLOW JPMORGAN CHASE BANK, N.A. TO INTERVENE** |

Plaintiff LAS VEGAS DEVELOPMENT GROUP, LLC, ("Plaintiff"), Defendant U.S. Bank National Association, as Trustee for SRMOF II 2012-1 Trust, ("SRMOF") and proposed intervenor JPMorgan Chase Bank, N.A. ("Chase"), by and through their undersigned counsel of record, hereby agree and move as follows:

1. Chase seeks to intervene in the above-captioned action pursuant to Fed. R. Civ. P. 24.

2. Fed. R. Civ. P 24(b) permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P 24(b)(1)(B).

3. Chase claims a property interest in the real property at issue herein that Plaintiff alleges has been extinguished. Accordingly, permissive intervention under Rule 24(b) is warranted.

4. In the alternative, Chase asserts that it has the right to intervene and protect its claimed interest in the property at issue pursuant to Fed. R. Civ. P. 24(a)(2).

5. Pursuant to Fed. R. Civ. P. 24(c), Chase has attached as Exhibit A its intended Answer.

6. The parties hereby request that the Court permit Chase to intervene in the above-referenced action pursuant to Fed. R. Civ. P. 24.

| ROGER P. CROTEAU & ASSOCIATES, LTD.<br><br>By: /s/ Timothy Rhoda<br>Roger P. Croteau<br>Nevada Bar No. 4958<br>Timothy Rhoda<br>Nevada Bar No. 7878<br>9120 West Post Road<br>Suite 100<br>Las Vegas, NV 89148<br>*Attorney for Las Vegas Development Group, LLC* | BALLARD SPAHR LLP<br><br>By: /s/ Sylvia Semper<br>Abran E. Vigil<br>Nevada Bar No. 7548<br>Sylvia O. Semper<br>Nevada Bar No. 12863<br>100 North City Parkway, Suite 1750<br>Las Vegas, Nevada 89106-4617<br>*Attorney for Proposed Intervenor JPMorgan Chase Bank, N.A.* |
|---|---|
| TIFFANY & BOSCO, PA<br><br>By: /s/ Gregory Wilde<br>Gregory L. Wilde<br>Nevada Bar No. 4417<br>Kevin S. Soderstrom<br>Nevada Bar No. 10235<br>212 South Jones Blvd.<br>Las Vegas, NV 89107<br>*Attorneys for Defendant US BANK NATIONAL ASSOCIATION, as Trustee for SRMOF II 2012-1 Trust* | |

Pursuant to LR 15-1(b), [a]fter the Court has filed its order granting permission to amend, the moving party shall file and serve the amended pleading. Accordingly, IT IS FURTHER ORDERED that the Answer to Second Amended Complaint by Intervenor JPMorgan Chase Bank, N.A. must be filed by June 10, 2015.

ORDER

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE
DATE:   June 3, 2015

# EXHIBIT A

# EXHIBIT A

Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: sempers@ballardspahr.com

*Attorneys for Intervenor JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SRMOF II 2012-1 TRUST, US BANK TRUST NATIONAL ASSOCIATION, as Trustee, an unknown business entity; MTC FINANCIAL INC. dba TRUSTEE CORPS, a California corporation, DOE indivuduals I through xX, ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-02194-APG-VCF<br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY INTERVENOR JPMORGAN CHASE BANK, N.A.** |

Intervenor JPMorgan Chase Bank, N.A., ("JPMORGAN"), by and through its counsel of record, BALLARD SPAHR LLP, hereby submits its Answer to Plaintiff's Second Amended Complaint ("Complaint") as follows:

## PARTIES

1.  JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies them.

2. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore denies them.

3. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint and therefore denies them.

4. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint and therefore denies them.

## GENERAL ALLEGATIONS

5. JPMORGAN repeats the answers contained in paragraphs 1 through 4 above.

6. JPMORGAN submits that the Declaration recorded on May 26, 2006 in the Official Records of the Clark County Recorder is a public record that speaks for itself. JPMORGAN is without sufficient information to admit or deny the remaining allegations of Paragraph 6 of the Complaint and therefore denies them.

7. JPMORGAN denies the allegations of Paragraph 7 of the Complaint.

8. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 8 to the extent they misstate its terms or are not read in connection with other relevant laws.

9. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 9 to the extent they misstate its terms or are not read in connection with other relevant laws.

10. JPMORGAN submits that NRS 116.3115 and NRS 116.3116 speak for themselves, and JPMORGAN denies the allegations of Paragraph 10 to the extent they misstate their terms or are not read in connection with other relevant laws.

11. JPMORGAN admits the allegations of Paragraph 11 of the Complaint.

12. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and therefore denies them.

13. JPMORGAN admits that Former Owner obtained a loan secured by a deed of trust recorded on April 21, 2008 in the Official Records of the Clark County

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

1 Recorder as instrument no. 200804210003285. JPMORGAN is without sufficient information to admit or deny the remaining allegations of Paragraph 13 of the Complaint and therefore denies them.

14. JPMORGAN submits that the Assignment of Deed of Trust recorded on the property on November 13, 2013 in the Official Records of the Clark County Recorder as instrument no. 201311130002119 is a public record that speaks for itself. JPMORGAN denies the remaining allegations of Paragraph 14 of the Complaint.

15. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies them.

16. JPMORGAN submits that the Assignment of Deed of Trust recorded on the property on November 13, 2013 in the Official Records of the Clark County Recorder as instrument no. 201311130002119 is a public record that speaks for itself. JPMORGAN denies the remaining allegations of Paragraph 16 of the Complaint.

17. JPMORGAN admits it claims an interest in the property by way of a Trustee Deed recorded on the property on January 22, 2014 in the Official Records of the Clark County Recorder as instrument no. 201401220000881.

18. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint and therefore denies them.

19. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and therefore denies them.

20. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint and therefore denies them.

21. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and therefore denies them.

22. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint and therefore denies them.

23. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and therefore denies them.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

24. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint and therefore denies them.

25. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint and therefore denies them.

26. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint and therefore denies them.

27. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint and therefore denies them.

28. JPMORGAN submits that the Trustee's Deed Upon Sale recorded on the property on November 16, 2011 in the Official Records of the Clark County Recorder as instrument no. 201311130002119 is a public record that speaks for itself. JPMORGAN denies the remaining allegations of Paragraph 28 of the Complaint.

29. JPMORGAN denies the allegations of Paragraph 29 of the Complaint.

30. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint and therefore denies them.

31. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 31 to the extent they misstate its terms or are not read in connection with other relevant laws.

32. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 32 to the extent they misstate its terms or are not read in connection with other relevant laws.

33. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint and therefore denies them.

34. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 34 of the Complaint and therefore denies them.

35. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 35 of the Complaint and therefore denies them.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

36. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint and therefore denies them.

37. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint and therefore denies them.

38. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint and therefore denies them.

39. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint and therefore denies them.

40. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint and therefore denies them.

41. JPMORGAN denies the allegations of Paragraph 41 of the Complaint.

42. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 42 to the extent they misstate its terms or are not read in connection with other relevant laws.

43. JPMORGAN submits that NRS 116.3116 speaks for itself, and JPMORGAN denies the allegations of Paragraph 43 to the extent they misstate its terms or are not read in connection with other relevant laws.

44. JPMORGAN denies the allegations of Paragraph 44 of the Complaint.

45. JPMORGAN denies the allegations of Paragraph 45 of the Complaint.

46. JPMORGAN denies the allegations of Paragraph 46 of the Complaint.

47. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint and therefore denies them.

48. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint and therefore denies them.

49. JPMORGAN submits that the Notice of Default and Election to Sell recorded on the property on March 14, 2013 in the Official Records of the Clark County Recorder as instrument no. 201303140002988 is a public record that speaks for itself.

50. JPMORGAN submits that the Notice of Trustee's Sale recorded on the property on August 16, 2013 in the Official Records of the Clark County Recorder as instrument no. 201308160000692 is a public record that speaks for itself.

51. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 51 of the Complaint and therefore denies them.

52. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 52 of the Complaint and therefore denies them.

53. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 53 of the Complaint and therefore denies them.

54. JPMORGAN admits the allegations of Paragraph 54 of the Complaint.

55. JPMORGAN admits the allegations of Paragraph 55 of the Complaint.

56. JPMORGAN admits the allegations of Paragraph 56 of the Complaint.

57. JPMORGAN submits that the Trustee's Deed Upon Sale recorded on the property on January 22, 2014 in the Official Records of the Clark County Recorder as instrument no. 201401220000881 is a public record that speaks for itself.

58. JPMORGAN admits the allegations of Paragraph 58 of the Complaint.

## FIRST CAUSE OF ACTION

### (Quiet Title against SRMOF)

59. JPMORGAN repeats the answers contained in paragraphs 1 through 58 above.

60. JPMORGAN denies the allegations of Paragraph 60 of the Complaint.

61. JPMORGAN denies the allegations of Paragraph 61 of the Complaint.

62. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 62 of the Complaint and therefore denies them.

63. JPMORGAN denies the allegations of Paragraph 63 of the Complaint.

64. JPMORGAN denies the allegations of Paragraph 64 of the Complaint.

65. JPMORGAN denies the allegations of Paragraph 65 of the Complaint.

66. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 66 of the Complaint and therefore denies them.

67. JPMORGAN admits the allegations of Paragraph 67 of the Complaint.

68. JPMORGAN admits the allegations of Paragraph 68 of the Complaint.

69. JPMORGAN admits the allegations of Paragraph 69 of the Complaint.

70. JPMORGAN denies the allegations of Paragraph 70 of the Complaint.

71. JPMORGAN admits the allegations of Paragraph 71 of the Complaint.

72. JPMORGAN admits the allegations of Paragraph 72 of the Complaint.

73. JPMORGAN denies the allegations of Paragraph 73 of the Complaint.

74. JPMORGAN denies the allegations of Paragraph 74 of the Complaint.

75. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 75 of the Complaint and therefore denies them.

76. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 76 of the Complaint and therefore denies them.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment against SRMOF)

77. JPMORGAN repeats the answers contained in paragraphs 1 through 76 above.

78. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 78 of the Complaint and therefore denies them.

79. JPMORGAN denies the allegations of Paragraph 79 of the Complaint.

80. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 80 of the Complaint and therefore denies them.

81. JPMORGAN denies the allegations of Paragraph 81 of the Complaint.

82. JPMORGAN denies the allegations of Paragraph 82 of the Complaint.

83. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 83 of the Complaint and therefore denies them.

84. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 84 of the Complaint and therefore denies them.

### THIRD CAUSE OF ACTION

### (Equitable Mortgage against SRMOF)

85. JPMORGAN repeats the answers contained in paragraphs 1 through 84 above.

86. JPMORGAN denies the allegations of Paragraph 86 of the Complaint.

87. JPMORGAN denies the allegations of Paragraph 87 of the Complaint.

88. JPMORGAN denies the allegations of Paragraph 88 of the Complaint.

89. JPMORGAN denies the allegations of Paragraph 89 of the Complaint.

90. JPMORGAN denies the allegations of Paragraph 90 of the Complaint.

91. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 91 of the Complaint and therefore denies them.

92. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 92 of the Complaint and therefore denies them.

### FOURTH CAUSE OF ACTION

### (Temporary Restraining Order, Preliminary Injunction and

### Permanent Injunction against all Defendants)

93. JPMORGAN repeats the answers contained in paragraphs 1 through 92 above.

94. JPMORGAN denies the allegations of Paragraph 94 of the Complaint.

95. JPMORGAN denies the allegations of Paragraph 95 of the Complaint.

96. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 96 of the Complaint and therefore denies them.

97. JPMORGAN submits that the Notice of Default and Election to Sell recorded on the property on March 14, 2013 in the Official Records of the Clark County Recorder as instrument no. 201303140002988 is a public record that speaks for itself.

98.     JPMORGAN submits that the Notice of Trustee's Sale recorded on the property on August 16, 2013 in the Official Records of the Clark County Recorder as instrument no. 201308160000692 is a public record that speaks for itself.

99.     JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 99 of the Complaint and therefore denies them.

100.    JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 100 of the Complaint and therefore denies them.

101.    JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 101 of the Complaint and therefore denies them.

102.    JPMORGAN admits the allegations of Paragraph 102 of the Complaint.

103.    JPMORGAN admits the allegations of Paragraph 103 of the Complaint.

104.    JPMORGAN admits the allegations of Paragraph 104 of the Complaint.

105.    JPMORGAN submits that the Trustee's Deed Upon Sale recorded on the property on January 22, 2014 in the Official Records of the Clark County Recorder as instrument no. 201401220000881 is a public record that speaks for itself.

106.    JPMORGAN denies the allegations of Paragraph 106 of the Complaint.

107.    JPMORGAN denies the allegations of Paragraph 107 of the Complaint.

108.    JPMORGAN denies the allegations of Paragraph 108 of the Complaint.

109.    JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 109 of the Complaint and therefore denies them.

110.    JPMORGAN denies the allegations of Paragraph 110 of the Complaint.

111.    JPMORGAN denies the allegations of Paragraph 111 of the Complaint.

112.    JPMORGAN denies the allegations of Paragraph 112 of the Complaint.

113.    JPMORGAN denies the allegations of Paragraph 113 of the Complaint.

114.    JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 114 of the Complaint and therefore denies them.

115.    JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 115 of the Complaint and therefore denies them.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

## FIFTH CAUSE OF ACTION

### (Slander of Title against SRMOF and MTC Financial)

116. JPMORGAN repeats the answers contained in paragraphs 1 through 115 above.

117. JPMORGAN denies the allegations of Paragraph 117 of the Complaint.

118. JPMORGAN denies the allegations of Paragraph 118 of the Complaint.

119. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 119 of the Complaint and therefore denies them.

120. JPMORGAN submits that the Notice of Default and Election to Sell recorded on the property on March 14, 2013 in the Official Records of the Clark County Recorder as instrument no. 201303140002988 is a public record that speaks for itself.

121. JPMORGAN submits that the Notice of Trustee's Sale recorded on the property on August 16, 2013 in the Official Records of the Clark County Recorder as instrument no. 201308160000692 is a public record that speaks for itself.

122. JPMORGAN submits that the Trustee's Deed Upon Sale recorded on the property on January 22, 2014 in the Official Records of the Clark County Recorder as instrument no. 201401220000881 is a public record that speaks for itself.

123. JPMORGAN denies the allegations of Paragraph 123 of the Complaint.

124. JPMORGAN denies the allegations of Paragraph 124 of the Complaint.

125. JPMORGAN denies the allegations of Paragraph 125 of the Complaint.

126. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 126 of the Complaint and therefore denies them.

127. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 127 of the Complaint and therefore denies them.

## SIXTH CAUSE OF ACTION

### (Conversion against SRMOF and MTC Financial)

128. JPMORGAN repeats the answers contained in paragraphs 1 through 127 above.

129. JPMORGAN denies the allegations of Paragraph 129 of the Complaint.

130. JPMORGAN denies the allegations of Paragraph 130 of the Complaint.

131. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 131 of the Complaint and therefore denies them.

132. JPMORGAN denies the allegations of Paragraph 132 of the Complaint.

133. JPMORGAN denies the allegations of Paragraph 133 of the Complaint.

134. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 134 of the Complaint and therefore denies them.

135. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 135 of the Complaint and therefore denies them.

## SEVENTH CAUSE OF ACTION

### (Equitable Relief- Wrongful Foreclosure)

136. JPMORGAN repeats the answers contained in paragraphs 1 through 135 above.

137. JPMORGAN denies the allegations of Paragraph 137 of the Complaint.

138. JPMORGAN denies the allegations of Paragraph 138 of the Complaint.

139. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 139 of the Complaint and therefore denies them.

140. JPMORGAN denies the allegations of Paragraph 140 of the Complaint.

141. JPMORGAN denies the allegations of Paragraph 141 of the Complaint.

142. JPMORGAN denies the allegations of Paragraph 142 of the Complaint.

143. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 143 of the Complaint and therefore denies them.

144. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 144 of the Complaint and therefore denies them.

## EIGHTH CAUSE OF ACTION

### (Equitable Relief- Rescission)

145. JPMORGAN repeats the answers contained in paragraphs 1 through 144 above.

146. JPMORGAN denies the allegations of Paragraph 146 of the Complaint.

147. JPMORGAN denies the allegations of Paragraph 147 of the Complaint.

148. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 148 of the Complaint and therefore denies them.

149. JPMORGAN denies the allegations of Paragraph 149 of the Complaint.

150. JPMORGAN denies the allegations of Paragraph 150 of the Complaint.

151. JPMORGAN denies the allegations of Paragraph 151 of the Complaint.

152. JPMORGAN denies the allegations of Paragraph 152 of the Complaint.

153. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 153 of the Complaint and therefore denies them.

154. JPMORGAN is without sufficient information to admit or deny the allegations of Paragraph 154 of the Complaint and therefore denies them.

## AFFIRMATIVE DEFENSES

JPMORGAN'S investigation of these claims is continuing. By this Answer, JPMORGAN waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

### First Affirmative Defense

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense

The acts alleged in the Complaint were the acts of third parties over whom JPMORGAN has no control or responsibility.

### Third Affirmative Defense

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the 14th Amendment of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

### Fourth Affirmative Defense

The homeowner's association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust based on the failure to provide proper notice of the "super-priority" assessment amounts in accordance with the requirements of NRS Chapter 116, federal, and constitutional law.

### Fifth Affirmative Defense

The homeowner's association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust or a property interest securing a loan insured by the Federal Housing Administration ("FHA"), a part of the federal Department of Housing and Urban Development ("HUD").

### Sixth Affirmative Defense

Plaintiff's claim of free and clear title to the Property is barred by the Property Clause and Supremacy Clause of the United States Constitution, which preclude an HOA sale from extinguishing FHA's interest in the Property and preempts any state law to the contrary.

### Seventh Affirmative Defense

The homeowner's association foreclosure sale was not commercially reasonable, and the circumstances of the sale of the property violated the homeowner's association's obligation of good faith under NRS 116.1113 and duty to act in a commercially reasonable manner.

### Eighth Affirmative Defense

Plaintiff purchased the property with record notice of the interest of the senior deed of trust recorded against the property and is not a bona fide purchaser for value.

### Ninth Affirmative Defense

Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 1721 (g)(3)(E)(iv), which precludes an HOA sale from extinguishing a deed of trust guaranteed by Government National Mortgage Association ("Ginnie Mae") and preempts any state law to the contrary.

### PRAYER FOR RELIEF

WHEREFORE, JPMORGAN prays for the following relief:

1. That the Court make a judicial determination that JPMORGAN's ownership interest and/or Deed of Trust is superior to Plaintiff's claim of title;
2. That the Court make a judicial determination that JPMORGAN's Deed of Trust survived the HOA sale;
3. That the Court make a judicial determination that Plaintiff took title subject to JPMORGAN's ownership interest and/or Deed of Trust;
4. That Plaintiff recover nothing on account of its claims made in the Complaint;
5. For reasonable attorney's fees and costs; and
6. For any other relief that the Court deems just and proper in the case.

BALLARD SPAHR LLP

By: _____
Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
100 N. City Parkway, Suite 1750
Las Vegas, Nevada 89106
*Attorneys for Intervenor JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that, on the ___ day of _____, 2015 and pursuant to N.R.C.P. 5(b), I served a true and correct copy of the foregoing ANSWER TO SECOND AMENDED COMPLAINT BY INTERVENOR JPMORGAN CHASE BANK, N.A. upon all counsel listed below in the following manner:

[ ] Hand Delivery

[ ] Facsimile Transmission

[ ] U.S. Mail, Postage Pre-Paid

[ ] Certified Mail, Receipt No.,
    return receipt requested

[XX] Via the CM/ECF E-Service upon all counsel set up to receive notice via electronic service in this matter

| |
|---|
| Roger P. Croteau<br>Timothy Rhoda<br>Roger P. Croteau & Associates, LTD.<br>720 S Fourth Street<br>Suite 202<br>Las Vegas, NV 89101<br><br>*Attorney for Las Vegas Development Group, LLC* |

_____
An employee of BALLARD SPAHR LLP

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070