## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAKE LAS VEGAS DEVELOPMENT GROUP, LLC, ) ) ) | |
| Plaintiff, ) | Case No.: 2:13-cv-02194-GMN-VCF |
| vs. ) | **ORDER** |
| ) | |
| SRMOF II 2012-1 TRUST, US BANK TRUST NATIONAL ASSOCIATION, as Trustee, *et al.*, ) ) ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 48), filed by Defendant SRMOF II 2012-1 Trust, U.S. Bank Trust National Association ("Defendant"). Plaintiff Lake Las Vegas Development Group, LLC ("Plaintiff") filed a Response, (ECF No. 49), and Defendant filed a Reply (ECF No. 50). For the reasons discussed below, HOA's Motion to Dismiss is **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

This case arises out of a homeowners' association foreclosure sale of property. (*See* Second Am. Compl. ("SAC"), ECF No. 10). On April 16, 2008, Defendant Margarette Healy[1] ("Healy") executed a Deed of Trust on her property located at 5259 Aurora Beam Avenue, Las Vegas, Nevada (the "Property"). (*Id.* ¶ 11). The Deed of Trust listed Lawyers Title of Nevada as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS"), nominee for Pulte Mortgage, LLC, as beneficiary. (*See* Deed of Trust, Ex. 1 to Mot. to Dismiss, ECF No. 48).

---

[1] On February 13, 2014, the Court granted Plaintiff's Motion to Dismiss Healy. (Order, ECF No. 8).

1 Defendant became beneficiary under the Deed of Trust via a series of assignments. (*See* Ex. 2

2 to Mot. to Dismiss).

3 Plaintiff alleges that Healy failed to pay the assessments required by the Hacienda North

4 Homeowners' Association ("HOA"). (Am. Compl. ¶ 20).  Accordingly, on November 15, 2011,

5 Absolute Collection Services, LLC conducted a foreclosure sale on behalf of HOA, selling the

6 Property to HOA. (Ex. 4 to Mot. to Dismiss).  On November 23, 2011, HOA executed a

7 quitclaim deed transferring its interest in the Property to Plaintiff. (Ex. 3 to Mot. to Dismiss).

8 Plaintiff initiated the present action by filing its Complaint in state court on October 9,

9 2013, seeking to quiet title against Defendant's predecessors in interest, including the

10 Department of Housing and Urban Development ("HUD"). (*See* First Am. Compl. ¶¶ 40–62,

11 Ex. A to Pet. for Removal, ECF No. 1-1).  On November 26, 2013, HUD removed the case to

12 this Court.[2] (Pet. for Removal, ECF No. 1).

13 Following removal, Defendant obtained title to the Property on January 20, 2014,

14 through a foreclosure sale pursuant to the Deed of Trust. (*See* Ex. 5 to Mot. to Dismiss).  On

15 July 27, 2015, Defendant transferred its interest in the Property via quitclaim deed to Intervenor

16 JPMorgan Chase Bank, National Association ("Chase"). (*See* Ex. 6 to Mot. to Dismiss).

17 Defendant subsequently filed the presently pending Motion to Dismiss, asserting that Plaintiff's

18 claims against it are moot in light of the quitclaim deed in favor of Chase. (Mot. to Dismiss

19 7:15–16).

20 **II.    LEGAL STANDARD**

21 Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

22 cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l

23 v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

24 dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

25

---

[2] On February 13, 2014, the Court granted the parties' Stipulation to Dismiss HUD. (Order, ECF No. 9).

1  complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

2  on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

3  whether the complaint is sufficient to state a claim, the Court will take all material allegations

4  as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

5  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

6       The Court, however, is not required to accept as true allegations that are merely

7  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

8  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

9  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

10  violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

11  *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a

12  complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that

13  is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual

14  content that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged." *Id*.

16       "Generally, a district court may not consider any material beyond the pleadings in ruling

17  on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

18  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

19  *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

20  "documents whose contents are alleged in a complaint and whose authenticity no party

21  questions, but which are not physically attached to the pleading, may be considered in ruling on

22  a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for

23  summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule

24  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

25  *Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers

1    materials outside of the pleadings, the motion to dismiss is converted into a motion for

2    summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261

3    F.3d 912, 925 (9th Cir. 2001).

4         If the court grants a motion to dismiss, it must then decide whether to grant leave to

5    amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

6    requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on

7    the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

8    undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

9    amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

10   only denied when it is clear that the deficiencies of the complaint cannot be cured by

11   amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

12   **III.   DISCUSSION**

13        Defendant argues that because it quitclaimed its interest in the Property to Chase, it is

14   "no longer an interested or necessary party in this action." (Mot. to Dismiss 6:21–28, ECF No.

15   48).  Therefore, according to Defendant, "[t]he controversy which once existed between

16   Plaintiff and [Defendant] no longer exists, and the Complaint should be dismissed insofar as it

17   pertains to [Defendant]." (*Id.* 7:18–21).  Plaintiff has asserted the following claims against

18   Defendant: (1) quiet title and injunctive relief; (2) unjust enrichment; (3) equitable mortgage;

19   (4) wrongful foreclosure; (5) slander of title; (6) conversion; and (7) equitable rescission. (*See*

20   *generally* SAC, ECF No. 10).  The Court considers each claim in turn.

21        **A.    Quiet Title and Injunctive Relief**

22        Under Nevada law, an action to quiet title "may be brought by any person against

23   another who claims an estate or interest in real property, adverse to the person bringing the

24   action." Nev. Rev. Stat. § 40.010.  Defendant states that it no longer asserts an interest in the

25   Property adverse to Plaintiff. (*See* Mot. to Dismiss 8:28).  Further, Plaintiff does not dispute the

1    propriety of dismissing its request for injunctive relief and quiet title claim against Defendant.

2    (*See* Resp. 8:19–22, ECF No. 49) (agreeing that "[w]ere the Plaintiff's claims against

3    [Defendant] limited to a claim for Quiet Title/Declaratory Judgment," then Plaintiff's SAC

4    should be dismissed completely as to Defendant).  Accordingly, Plaintiff's request for

5    injunctive relief and claim for quiet title against Defendant are dismissed.

6        **B.     Unjust Enrichment**

7            To state a claim of unjust enrichment, a plaintiff must allege that:

8            [1] the plaintiff confers a benefit on the defendant, [2] the defendant
             appreciates such benefit, and [3] there is acceptance and retention by
9            the defendant of such benefit under circumstances such that it would
             be inequitable for him to retain the benefit without payment of the
10           value thereof.

11   *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012).  "A benefit is

12   'any form of advantage,' not just the specific advantage the parties purportedly agreed upon."

13   *Las Vegas Sands Corp. v. Suen*, No. 64594, 2016 WL 4076421, at *3 (Nev. July 22, 2016)

14   (quoting *Certified Fire*, 128 Nev. at 257).

15           Plaintiff claims that "Defendants will obtain substantial benefits from the funds and

16   resources expended by the Plaintiff" "in connection with the acquisition and maintenance of the

17   Property." (SAC ¶¶ 86–87).  These allegations are somewhat vague as to what benefit Plaintiff

18   conferred on Defendant and how the benefit was conferred on it.  Nevertheless, if Plaintiff

19   expended legitimate funds to maintain the Property and does not quiet title in itself, then it has

20   alleged that it conferred a benefit on Defendant that in equity belongs to Plaintiff.[3]  However,

21   Plaintiff fails to allege that Defendant appreciated the benefit conferred on it. *See Commw.*

22

23   _____

24   [3] Plaintiff also alleges that "[Defendant] intends to sell the Property for significant monetary gain" and, thus,
     "[a]ll proceeds received by [Defendant] from the sale of the Property rightfully belong to the Plaintiff as the
     owner of the Property." (*Id.* ¶¶ 80–81).  These statements do not allege that Plaintiff conferred any benefit on
25   Defendant; rather, they allege that Defendant obtained monetary gain from a third party that purchased the
     Property.

1   *Land Title Ins. Co. v. Iota Indigo, LLC*, No. 2:13-cv-01837-RFB, 2015 WL 4647863, at *4 (D.

2   Nev. Aug. 5, 2015) (finding unjust enrichment properly pled where complaint alleged that

3   defendant was "aware of" and "encouraged" material benefit conferred on it by plaintiff).

4   Accordingly, the Court dismisses Plaintiff's unjust enrichment claim against Defendant, with

5   leave to amend.

6           **C.      Equitable Mortgage**

7           A court can impose an equitable mortgage where the parties intended to create a

8   mortgage but did not execute the mortgage properly. *Flyge v. Flynn*, 166 P.2d 539, 549 (Nev.

9   1946); *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 612 (Nev. 1992).  Here, Plaintiff makes no

10  allegation that the parties intended to enter into a mortgage-type relationship.  The Court thus

11  dismisses this claim against Defendant, with leave to amend.

12          **D.      Equitable Relief—Wrongful Foreclosure**

13          "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the

14  foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev.

15  2013).  Any damages recovered with respect to Plaintiff's wrongful foreclosure claim are

16  "incidental to the central relief requested in the complaint: possession of, and title to, the

17  property." *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1046 (9th Cir. 2011).

18  Indeed, for relief on this claim, Plaintiff seeks a declaration that Defendant's foreclosure is

19  void. (SAC 17:13–15).  As a result, this claim is duplicative of Plaintiff's claim for quiet title

20  and appropriately dismissed as redundant, with leave to amend.

21          **E.      Slander of Title**

22          To succeed on a slander of title claim, the plaintiff must show "false and malicious

23  communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt.,*

24  *Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744

25

1   P.2d 530, 531 (Nev. 1987)).  A defendant does not act with malice if it has reasonable grounds

2   for belief in its claim. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

3        Here, Plaintiff alleges that Defendant recorded a "Notice of Default and Election to Sell,

4   Notice of Trustee's Sale, [and] Bank Foreclosure Deed" after "Plaintiff purchased the

5   Property." (SAC ¶ 123).  Moreover, Plaintiff alleges that Defendant acted "with the intent to

6   cause Plaintiff harm" and "knew or should have known that any security interest it may have

7   possessed pursuant to the First Deed of trust would be extinguished" by the HOA foreclosure.

8   (*Id.* ¶ 41).  Furthermore, Plaintiff alleges that "Plaintiff's title to the Property has been

9   disparaged and slandered, and there is a cloud on Plaintiff's title," resulting in special damages

10  sustained by Plaintiff. (*Id.* ¶¶ 124–26).

11       Accordingly, the Court finds that, taking Plaintiff's allegations as true and construing

12  them in the light most favorable to Plaintiff, the Second Amended Complaint adequately pleads

13  a claim of slander of title.  Although Defendant contends that malice cannot be shown based on

14  its interpretation of existing law at the time of recording pertinent documents in this case, such

15  issues are not amenable to disposition at the motion to dismiss stage because the Court cannot

16  look beyond the pleadings of the complaint or the judicially-noticed documents. *See Hal Roach*

17  *Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  Further,

18  Defendant provides no explanation regarding its argument that the quitclaim deed to Chase

19  extinguishes its liability on this claim.  Therefore, the Court denies Defendant's Motion to

20  Dismiss as to this claim.

21      **F.**    **Conversion**

22  "Conversion is a distinct act of dominion wrongfully exerted over another's personal

23  property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion,

24  or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048

25  (Nev. 2000).  Accordingly, because a claim for conversion lies with personal property and not

1  real property, the Court dismisses this claim. *See Corn v. Recontrust Co.*, No. 3:10-cv-136-

2  RCJ-VPC, 2011 WL 1135943, at \*6 (D. Nev. Mar. 24, 2011).

3         **G.       Equitable Rescission**

4         Rescission is a remedy, not a cause of action, and the claim is available only for the

5  parties to a contract. *See Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007).

6  Indeed, "[r]escission is an equitable remedy which totally abrogates a contract and which seeks

7  to place the parties in the position they occupied prior to executing the contract." *Id.*  Plaintiff

8  does not allege that it and Defendant are parties to a contract.  This claim is also duplicative of

9  the quiet title claim discussed *supra*: both are designed to void the foreclosure sale based on the

10  argument that Defendant did not have authority to foreclose.  Accordingly, the Court dismisses

11  Plaintiff's claim against Defendant for equitable rescission, with leave to amend.

12  **IV.    CONCLUSION**

13         **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 48), is

14  **GRANTED in part and DENIED in part**.

15         **IT IS FURTHER ORDERED** that Plaintiff's claims for quiet title, injunctive relief,

16  unjust enrichment, equitable mortgage, wrongful foreclosure, conversion, and equitable

17  rescission are **DISMISSED without prejudice** as to Defendant.

18         **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss with respect to

19  Plaintiff's claim for slander of title is **DENIED**.

20

21         **DATED** this __18__ day of August, 2016.

22

23         _____

24         Gloria M. Navarro, Chief Judge
           United States District Judge

25