# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAS VEGAS DEVELOPMENT GROUP, LLC,

           Plaintiff,

   vs.

SRMOF II 2012-1 TRUST, US BANK TRUST NATIONAL ASSOCIATION, as Trustee, *et al.*,

          Defendants.

_____

JPMorgan Chase Bank, N.A.,

          Intervenor.

_____

Case No.: 2:13-cv-02194-GMN-VCF

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 64), filed by Defendant SRMOF II 2012-1 Trust, U.S. Bank Trust National Association ("SRMOF"). Plaintiff Las Vegas Development Group, LLC ("LVDG") filed a Response, (ECF No. 66), and SRMOF filed a Reply, (ECF No. 68).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 65), filed by Intervenor JPMorgan Chase Bank, N.A ("Chase"). LVDG filed a Response, (ECF No. 67), and Chase filed a Reply, (ECF No. 70). For the reasons discussed below, the Court **GRANTS** SRMOF's Motion and **GRANTS** Chase's Motion.

## I.    BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 5259 Aurora Beam, Las Vegas, Nevada (the "Property"). (Second Am. Compl. ("SAC") ¶ 6, ECF No. 10). On April 16, 2008, Margarette Healy obtained a loan from Pulte Mortgage LLC,

secured by a deed of trust ("DOT") on the Property recorded on April 21, 2008. (*See* Note, Ex. A. to Chase's Mot. Summ. J. ("MSJ") 2–3, ECF No. 65-1); (Deed of Trust, Ex. 1 to SRMOF's MSJ 11–21, ECF No. 64).[1]  SRMOF subsequently became the beneficiary of the DOT by way of a series of assignments recorded with the Clark County Recorder on February 17, 2012; September 13, 2013; and November 13, 2013. (*See* Assignments of Deeds of Trust, Exs. 2–4 to SRMOF's MSJ 23–31).

On November 15, 2011, Hacienda North HOA ("HOA") purchased the Property at a non-judicial foreclosure sale and recorded a trustee's deed upon sale on November 16, 2011. (Ex. 6 to SRMOF's MSJ 38–39).  LVDG purchased the Property through a quitclaim deed from HOA and recorded its interest on November 23, 2011. (Quitclaim Deed, Ex. 5 to SRMOF's MSJ 33–34).  On January 10, 2014, SRMOF purchased the Property through a foreclosure sale pursuant to the DOT, and subsequently recorded its interest on January 22, 2014. (Trustee's Deed Upon Sale, Ex. 7 to SRMOF's MSJ 43–44).  On August 10, 2015, SRMOF recorded the conveyance of its interest in the Property to Chase. (*See* Quitclaim Deed, Ex. 8 to SRMOF's MSJ 48–51); (Quitclaim Deed, Ex. F to Chase's MSJ, ECF No. 65-6).

Pursuant to the foreclosure sale and subsequent sales of the Property, LVDG filed its SAC on February 14, 2014. (ECF No. 10).  The SAC alleges the following causes of action: (1) quiet title; (2) unjust enrichment; (3) equitable mortgage; (4) injunctive relief; (5) slander of title; (6) conversion; (7) wrongful foreclosure; and (8) rescission. (SAC ¶¶ 59–154).

On June 2, 2015, LVDG and SRMOF filed a joint motion to permit Chase to intervene in the action. (ECF No. 38).  The parties' motion asserted that "Chase claims a property interest in the real property at issue herein," and, accordingly, "permissive intervention under Rule 24(b) is warranted." (*Id.* 2:1–3).  In the alternative, the parties averred that Chase has "the right

---

[1] The Court takes judicial notice of the matters of public record attached as exhibits in the respective parties' motions. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

to intervene and protect its claimed interest in the property at issue pursuant to Fed. R. Civ. P. 24(a)(2)." (*Id.* 2:4–6). On June 3, 2015, the Court granted the parties' motion. (ECF No. 40). Chase subsequently filed an answer to LVDG's SAC on June 10, 2015, (ECF No. 41), and an Amended Answer on December 2, 2015. (ECF No. 44).

In light of this, on January 5, 2016, SRMOF filed a motion to dismiss seeking to dismiss all of LVDG's claims because it had transferred its interest in the Property to Chase. (*See* Mot. to Dismiss 6:22–28, 7:14–21, ECF No. 48). On August 18, 2016, the Court granted the motion to dismiss and dismissed Plaintiff's claims asserted against SRMOF for quiet title, injunctive relief, unjust enrichment, equitable mortgage, wrongful foreclosure, conversion, and rescission. (*See* Order 8:15–17, ECF No. 59). The Court, however, denied SRMOF's motion for slander of title. (*Id.* 8:18–19).

In the instant Motions, SRMOF now seeks summary judgment on the slander of title claim, (*see* SRMOF's MSJ, ECF No. 64), and Chase moves for summary judgment on the quiet title claim. (*See* Chase's MSJ, ECF No. 65).

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## II. <u>DISCUSSION</u>

SRMOF seeks summary judgment on LVDG's claim for slander of title because it asserts the claim "is based entirely on the premise that the Deed of Trust was extinguished by the HOA foreclosure," which runs contrary to the Ninth Circuit's decision in *Bourne Valley*. (SRMOF's MSJ 8:20–21). Additionally, Chase moves for summary judgment on LVDG's quiet title claim because it asserts that its interest was not extinguished in the Property pursuant to Nevada Revised Statutes § 116.3116. (Chase's MSJ 4:13–17).

As a threshold matter, although the Court previously dismissed the quiet title claim against SRMOF, and the SAC did not assert the claim against Chase, Chase is permitted to bring the instant Motion for Summary Judgment on the claim here. Specifically, the Court granted SRMOF's motion to dismiss LVDG's quiet title claim that was asserted only against SRMOF, which Chase acknowledges in its Motion. (*See* Order 4:22–5:5, ECF No. 59); (*see also* SAC ¶¶ 59–76); (Chase's MSJ 4:13–14 n.2). Nonetheless, "an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016) (quoting *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944)). Chase therefore is admitted to the proceeding in light of its interest in the Property.

Moreover, while Chase has not explicitly asserted a counterclaim for quiet title or declaratory relief, Chase's Amended Answer, (ECF No. 44), provides an affirmative defense that states "LVDG takes title, if any, to the Property subordinate in time and right to [Chase's] interests, rights, liens, and claims in the Property." (*Id.* 13:17–19). Chase's Amended Answer additionally contains a prayer for relief seeking a "judicial determination that [Chase's] ownership interest . . . is superior to [LVDG's] claim of title," and that "[Chase's] DOT survived the HOA sale," and "[LVDG] took title subject to [Chase's] ownership interest" and DOT. (Am. Answer 15:9–16). While Chase's affirmative defense and prayer for relief were neither designated as a counterclaim for quiet title, the Court will construe them as such in the interest of justice and judicial efficiency. *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.").

Because quiet title therefore remains at issue in this case, the Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), before turning to the merits of the instant motions.

### A.      The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual

particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

LVDG argues that NRS § 107.090, which requires foreclosure notices to be mailed to all subordinate claim holders, including first security interest holders, is incorporated into NRS § 116 through 116.31168. (LVDG's Resp. to SRMOF's MSJ 8:25–9:16, ECF No. 66). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless.").

Accordingly, HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished SRMOF's DOT.

## B. Quiet Title

Chase seeks summary judgment on LVDG's claim for quiet title as well as a declaration that "*Bourne Valley* resolves the quiet title claim in Chase's favor." (Chase's MSJ 4:13–17, 5:26–27). In Nevada, a claim to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). A quiet title claim "does not require any particular elements," but each party must prove his or her claim to the property in question. *Id.*

Because the Court held *supra* that HOA foreclosed under a facially unconstitutional notice scheme, the Court finds that SRMOF's interest survived the sale. Specifically, SRMOF

purchased the Property pursuant to its DOT and subsequently conveyed its interest to Chase on July 27, 2015, and recorded the conveyance on August 10, 2015. (*See* Quitclaim Deed, Ex. 8 to SRMOF's MSJ 48–49); (Ex. F to Chase's MSJ 2–3, ECF No. 65-6). Therefore, Chase's interest in the Property is superior to LVDG's claimed interest and continues to encumber the Property. Accordingly, pursuant to the holding in *Bourne Valley*, the Court grants Chase's Motion for Summary Judgment for quiet title. Furthermore, in light of the foregoing, the Court quiets title in favor of Chase as transferee of SRMOF's quitclaim deed.[2]

### C. Slander of Title

In its Motion for Summary Judgment on the slander of title claim, SRMOF asserts that LVDG's slander of title claim "is based entirely on the premise that the Deed of Trust was extinguished by the HOA foreclosure," which conflicts with the Ninth Circuit's holding in *Bourne Valley*. (SRMOF's MSJ 8:20–21).

In light of the Court's conclusion *supra* that the foreclosure sale did not extinguish SRMOF's interest in the Property, LVDG cannot successfully establish a slander of title claim. Specifically, LVDG's argument is expressly premised on the HOA foreclosure sale extinguishing the first DOT. (*Id.* 8:20–21); (LVDG's Resp. to SRMOF's MSJ 12:5–9). LVDG asserts that it has established its slander of title claim because "SRMOF caused the Bank Foreclosure Deed to be recorded," which "represent[ed] to the public at large that SRMOF, and not LVDG, was thereafter the owner of the Property." (LVDG's Resp. 31:1–3). This argument, however, lacks merit as the HOA sale did not extinguish SRMOF's interest in the Property. Because of this, LVDG is precluded from asserting a slander of title claim. Accordingly, the Court grants summary judgment for SRMOF.

---

[2] Because the Court quiets title in favor of Chase, LVDG's remaining claims relating to quiet title against Chase are denied as moot.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that SRMOF's Motion for Summary Judgment, (ECF No. 64), is **GRANTED.**

**IT IS FURTHER ORDERED** that Chase's Motion for Summary Judgment, (ECF No. 65), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report identifying whether there are any non-moot claims remaining in light of this Order.  The parties shall have fourteen (14) days from the date of this Order to file the status report.  Failure to do so will result in the Court dismissing the remaining claims as moot and closing the case.

**DATED** this __26__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT