# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAS VEGAS DEVELOPMENT GROUP, LLC,

    Plaintiff,

vs.

SRMOF II 2012-1 TRUST, US BANK TRUST NATIONAL ASSOCIATION, as Trustee, *et al.*,

    Defendants.

JPMorgan Chase Bank, N.A.,

    Intervenor.

Case No.: 2:13-cv-02194-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Stay, (ECF No. 75), filed by Plaintiff Las Vegas Development Group, LLC ("LVDG"), to which JPMorgan Chase ("Chase") filed a Response, (ECF No. 80).

On February 26, 2018, the Court granted Defendant SRMOF II 2012-1 Trust's ("SRMOF's") Motion for Summary Judgment, (ECF No. 64), and granted Intervenor JPMorgan Chase Bank's ("Chase's") Motion for Summary Judgment, (ECF No. 65). (*See* Order, ECF No. 73). In its Order, the Court gave the parties fourteen (14) days from the Order's entry to file a joint status report "identifying whether there are any non-moot claims remaining" in light of the Order. (*Id.* 10:6–7). In the Joint Status Report, the parties represented that the Court's Order "resolves all claims against SRMOF and Chase" and

"effectively renders moot the remaining claims contained in [LVDG's] Complaint." (*See* Joint Status Report 2:10–14, ECF No. 74).

On March 13, 2018, the Court issued an Order to Show Cause requiring that the parties notify the Court "how they plan to proceed in light of Defendant MTC Financial, Inc's failure to appear in this case." (*See* Order to Show Cause, ECF No. 78). In their Response, the parties indicated that the Court's Order granting SRMOF and Chase's Motions for Summary Judgment, (ECF No. 73), "effectively renders moot [LVDG's] claims against MTC." (Resp. 3:16–18, ECF No. 81).

LVDG filed the instant Motion to Stay on March 12, 2018, in which it requests that the Court stay the action until the Nevada Supreme Court resolves the question of "whether NRS 116.31168, as it existed prior to October 1, 2015, required homeowners associations to provide notice of default and/or sale to first deed of trust holders, even if they did not request notice." (*See* Mot. to Stay 5:11–14, ECF No. 75); *see also* in *Bank of New York Mellon v. Star Hill Homeowners Assoc.*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671 (D. Nev. Apr. 21, 2017) (certifying question to the Nevada Supreme Court).

However, in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), the Ninth Circuit, applying Nevada law, explicitly answered this question. Specifically, the Ninth Circuit concluded that "[i]f section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless." *See Bourne Valley*, 832 F.3d at 1159. As such, *Bourne Valley* expressly answered this question, and this Court is bound by the Ninth Circuit's ruling.

Accordingly,

**IT IS HEREBY ORDERED** that LVDG's Motion to Stay, (ECF No. 75), is **DENIED.**

**IT IS FURTHER ORDERED** that, in light of the parties' representations in their Joint Status Report, (ECF No. 74), and the parties' Response to the Court's Order to Show Cause, (ECF No. 81), LVDG's remaining claims, including those against MTC, are **DENIED as moot**.

The Clerk of Court is instructed to close the case.

**DATED** this __30__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT